998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Billy HILL, Plaintiff/Appellant
v.
CITY OF HARVEY, et al. Defendants/Appellees.
 No. 92-3360.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1993.*
Decided July 16, 1993.
 
 Before POSNER, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 In his complaint filed under 42 U.S.C. § 1983, Hill alleges that the City of Harvey and various local officials acted outside the scope of their legal authority. Because these claims arise under Illinois law, rather than federal law, we affirm the district court's dismissal of the complaint.
 
 
 2
 Hill's complaint contains two unrelated counts. In the first count, Hill alleges that police officers from the City of Harvey arrested and searched him for four separate ordinance violations. The relevant ordinances proscribe disorderly conduct and require vehicle registration stickers. In count two, Hill complains that the City appointed a law firm to act as corporation counsel in a civil suit. Hill challenged the firm's appearance during the suit, but the presiding judge rejected his challenge.
 
 
 3
 The basis of Hill's claims is uncertain. Although Hill devotes most of the complaint to describing how the City of Harvey and its officials exceeded the powers granted to them by Illinois law, he also includes vague, unsupported assertions about the constitutional rights to travel, to Equal Protection, to Due Process, and to be free from unreasonable search and seizure. Because Hill never provides any independent basis for these claims, we must assume that they are linked to his primary claims. Hill apparently intends to argue that the City of Harvey violated Illinois law (1) by appointing corporate counsel and (2) by enacting ordinances establishing a police force, requiring city stickers, and proscribing disorderly conduct. In addition to the City, Hill sues the judge[1] who allowed corporate counsel to appear in court, the city officials who passed the allegedly illegal ordinances, and the police officers who arrested and searched him pursuant to the ordinances.
 
 
 4
 After reviewing these allegations, the district court dismissed Hill's complaint for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). This court must affirm the district court's judgment if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 46 (1957).
 
 
 5
 We agree with the district court that Hill has not stated a claim cognizable under § 1983. As we have previously held, § 1983 does not provide a remedy for all governmental abuses of power; it protects only against violations of federal constitutional rights. Archie v. City of Racine, 847 F.2d 1211, 1216 (7th Cir.1991) (en banc). Although Hill attempts to couch some of his arguments in federal constitutional terms, they all boil down to violations of the Illinois constitution, statutes, and caselaw. Such violations do not infringe the federal constitution. Snowden v. Hughes, 321 U.S. 1, 11 (1944).
 
 
 6
 We AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Although we decide this case on other grounds, we must stress that judges are absolutely immune from suit for any actions taken in their judicial capacities. Mireles v. Waco, 112 S.Ct. 286, 287 (1991)